**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

United States of America,

v.

Omoruyi O. Uwadiae

Defendant.

Case No. 2:24-cr-63

Judge Michael H. Watson

## OPINION AND ORDER

On December 17, 2024, this Court sentenced Omoruyi O. Uwadiae

("Defendant") to 51 months of imprisonment and 3 years of supervised release

on eight counts of Cyberstalking in violation of 18 U.S.C. §§ 2261A(2),

2261(b)(5), seven counts of Interstate Communications with Intent to Extort in

violation of 18 U.S.C. § 875(d), and seven counts of Unlawful Transfer,

Possession, or Use of a Means of Identification in violation of 18 U.S.C.

§§ 1028(a)(7), (b)(2), (c)(3)(A). Judgment, ECF No. 30. Defendant filed this

motion for compassionate release on March 6, 2026, seeking to modify his

sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Mot., ECF No. 48. As of the

date of his motion, Defendant had served 14 months of his 51-month sentence.

*Id.* The Government opposes release, Resp., ECF No. 50, and Defendant

replied, ECF No. 51.

### I.     STANDARD OF REVIEW

A compassionate release analysis involves three steps. *United States v.*

*Jones,* 980 F.3d 1098, 1107 (6th Cir. 2020). First, the Court determines whether

"extraordinary and compelling" reasons warrant a sentence reduction. *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)(i)).  Second, the Court must conclude that a "reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* at 1108 (citing 18 U.S.C. § 3582(c)(1)(A)).  Third, the Court must consider any applicable § 3553(a) factors and determine "whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Id.* (citation modified).

## II. ANALYSIS

As an initial matter, Defendant has exhausted his administrative remedies. On November 1, 2025, Defendant sent a request to the warden at RCI Elkton seeking a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). Mot., ECF No. 48, at PAGEID # 508.  On November 20, 2025, the warden denied this request after finding that Defendant's request did not warrant compassionate release or a reduction in sentence. *Id.*  Thus, the Court may properly consider the merits of his motion for compassionate release. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020).

### A. Step 1

The Court first considers whether Defendant has identified extraordinary and compelling reasons warranting a sentence reduction.  Defendant argues that four circumstances combine to create extraordinary and compelling reasons warranting a sentence reduction: (1) Defendant's post-offense rehabilitation, (2) his youth at the time of the offense, (3) the impact of the Vulnerable Victim

Enhancement, and (4) the consequences of his BOP classification.  Mot., ECF No. 48.  The Court considers each reason in isolation and further assesses whether its analysis changes when the reasons are considered in combination.

### i.  Post-Offense Rehabilitation

Defendant first argues that his rehabilitation warrants compassionate release because, prior to his indictment, he engaged in mental health treatment and has continued that treatment through programming with the BOP.  Mot., ECF No. 48 at PAGEID ## 488–89.  Additionally, Defendant asserts that prior to his indictment, he maintained continuous lawful employment, was promoted at P&G, completed a part-time MBA, and was a career coach for "hundreds" of individuals.  *Id.* at PAGEID # 489.  Defendant further offers that he has undergone a comprehensive psychological evaluation, which concluded that he demonstrates genuine remorse.  *Id.*

The Government disagrees with Defendant that his rehabilitation is an extraordinary and compelling reason to reduce his sentence.  Resp., ECF No. 50.  The Government argues that many of the rehabilitation examples to which Defendant cites were known to this Court at the time of his sentencing and, thus, do not constitute an extraordinary and compelling reason for a reduction in sentence.  *Id.*  Specifically, the PSR prepared prior to Defendant's sentencing included information about his continued education and employment, as well as his mental-health treatment and rehabilitation after the offense.  *Id.*

"Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Moreover, the Court agrees with the Government that this information was known prior to sentencing. It is therefore not an extraordinary and compelling reason for a sentence reduction.

### ii. Youth

Defendant next points to his youth at the time of the offense. Mot., ECF No. 48. Defendant was 23 years old at the time of his offense, and he argues that "contemporary neuroscience and sentencing policy" note that individuals in their early twenties are impulsive, more susceptible to emotional stress, and struggle with interpersonal identity. *Id.* at PAGEID # 517. Defendant further argues that the "temporal distance" between his age at the time of the offense (23) and his age at the time of sentencing (29) "obscured the developmental context." *Id.* at PAGEID # 492. Finally, Defendant contends that, because his conduct was "time-limited, developmentally influenced, and followed by demonstrable maturation," a sentence modification is appropriate. *Id.* at PAGEID # 493.

The Government disagrees, arguing that the Court was aware of both Defendant's age and the brain-development science when it imposed the sentence. Mot., ECF No. 48, PAGEID # 518.

The Court does not find Defendant's youth at the time of the offense to be extraordinary or compelling. As the Government correctly points out, the Court

was aware of Defendant's age, both at the time of the offense and at the time of his sentencing. Defendant was not a minor at the time of the offense; rather, Defendant was 23 years old, and while it is true that brain development is generally not complete until an individual reaches their mid-20s, that does not warrant a reduction in sentence. Reducing Defendant's sentence because of his immaturity would demean the seriousness of his offense and the harm it caused his victims. The Court has repeatedly refused to consider youthfulness as a basis for a downward variance at sentencing, and the Court sees no reason to rule differently when the argument is raised as a basis for compassionate release. Cf. United States v. Hunter, 12 F.4th 555, 569–71 (6th Cir. 2021) (reversing the district court's finding that the Defendant's "relative youth" of 24 at the time of the offense supported a reduction in sentence because it makes illusory § 3582's "general rule of finality.").

### iii.    The Vulnerable Victim Enhancement

Defendant then turns to the application of the Vulnerable Victim enhancement under U.S.S.G. § 3A.1(b)(1). He argues that the enhancement "altered the guideline framework" and "foreclosed eligibility for multiple mitigating provisions that otherwise would have applied." Mot., ECF No. 48 at PAGEID # 493. As a result, he contends, it "substantially increased the custodial sentence ultimately imposed." Id.

The Government disagrees with Defendant on this point as well, again arguing that the Court was clearly aware of the enhancement at the time of

Defendant's sentencing. Specifically, the Government recalls that this enhancement was "hotly contested" and, thus, one that was well known to both the parties and the Court. Resp., ECF No. 50, PAGEID # 518. The Court agrees that the enhancement is neither extraordinary nor compelling.

Under U.S.S.G. § 3A.1(b)(1), "if the defendant knew or should have known that a victim of the offense was a vulnerable victim," two levels are added to the final calculation. The commentary notes to this rule define a vulnerable victim as a person who is "unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* at note 2. The PSR found that this enhancement applied because, by April 2, 2019, Defendant was aware that Victim 1 was a minor but still distributed "sexually explicit photographs and videos of the victim" to his family members, thereby exposing the victim's sexual orientation. PSR, ECF No. 20 at PAGEID ## 115– 16. Defendant's assertion that the enhancement was not applied for any victims who "suffered from mental disability, cognitive impairment, or clinically recognized emotional disorders" is not well founded. The enhancement was applied based on age of the victim, specifically, that one of the victims was a minor, and further, that his sexual orientation was unknown to his family. Mot., ECF No. 48, PAGEID # 494. This issue is one that was already considered at the time of sentencing. Defendant raised this as an objection to the PSR, and the Court adopted the PSR in full. To the extent he continues to argue that it was improperly applied, those arguments are suited for direct appeal and, potentially,

a § 2255 motion. They are not, however, a reason to grant compassionate release.

And to the extent Defendant does not directly attack, as improper, the application of the enhancement but argues that the Court should grant compassionate release because of the consequences of the enhancement, the simple answer is that, in applying the enhancement, the Court intended all of its consequences, so they create no reason to grant release.

### iv. BOP Classification

Finally, Defendant seeks to reduce his sentence because an application of the "Public Safety Factor-Sex Offender" or PSF-SO classification was added to his security classification. Mot., ECF No. 48 at PAGEID # 496. He asserts that this application resulted in "non-custodial restrictions that are materially harsher than his pretrial conditions" and reduces his opportunities for early release or transitional programming. *Id.* at PAGEID # 497. Because his convictions were not sex offenses but rather were for cyberstalking, extortion, and identity theft, he contends that this harsh consequence warrants early release. *Id.* at PAGEID # 496.

The Government disagrees with Defendant on this final point, also. Specifically, it notes that Defendant did not cite any case law, on similar facts, where a court granted compassionate release for this reason. Resp., ECF No. 50 at PAGEID # 519. The Government also notes, and Defendant failed to

demonstrate otherwise, that there is no evidence to indicate that he has appealed his PFS-SO designation with the BOP. *Id.*

The Court, once again, does not believe that the designation warrants a sentence reduction. Defendant "obtained sexually explicit photographs and videos from potential victims and then threatened to distribute the explicit material widely on the internet," and at least one of those victims was a minor. ECF No. 20 at PAGEID # 104. Defendant contends that "the PSR did not characterize his conduct as sexually motivated." ECF No. 48 at PAGEID # 496. However, the PSR makes repeated references to the fact that Defendant possessed those sexually explicit photographs of the victims and that those photographs were distributed. Therefore, the BOP's determination, based on the PSR and Defendant's case, that this PSF-SO classification is warranted appears to be a logical consequence of Defendant's choices. It is not an extraordinary or compelling circumstance.

### v. Combination of Factors

Having concluded that none of the reasons Defendant puts forward is, alone, sufficient to find an extraordinary and compelling reason, the Court considers them in combination. In this case, the Court does not find the sum of the whole amounts to more than its individual parts. Much of what Defendant cites was known to the Court at the time of his sentencing, and "simply taking facts that existed at sentencing and repackaging them" does not make it

extraordinary and compelling. *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021).

In conclusion, the Court does not find that any of the reasons Defendant listed, either singly or in combination, demonstrate an extraordinary and compelling reason to justify compassionate release.

## B. Steps 2 and 3

Because the Court finds no extraordinary and compelling reason warrants compassionate release, the Court need not consider steps two or three of the analysis. *United States v. Falkowski*, No. 21-5972, 2022 WL 14168931, at *2 (6th Cir. Aug. 11, 2022) ("[W]hen a district court determines there was no extraordinary and compelling reason to grant the motion, it doesn't abuse its discretion in not considering the § 3553(a) factors." (citation omitted)).

Nonetheless, the Court concludes that the § 3553(a) factors do not justify compassionate release. This Court found Defendant's professed remorse at sentencing disingenuous. Defendant's crimes were calculated and cruel, and Defendant continues (through his postconviction motions) to downplay his responsibility and the effect his actions had on his victims. The Court thus continues to conclude that the need for the sentence to reflect the seriousness of the offense and provide just punishment for the offense, afford specific deterrence, and protect the public from future crimes by Defendant are especially important concerns in this case that weigh against granting compassionate

release.  Those factors would not be served by releasing Defendant, who has served only approximately one third of the imposed sentence.

### III.  CONCLUSION

For the above reasons, Defendant's motion is **DENIED**, and the Clerk shall terminate ECF No. 48.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**